UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E & M PROPERTIES, INC., et al.,

        Plaintiffs,

vs.

        Case No. 09-CV-10932

        HON. GEORGE CARAM STEEH

CHARTER TOWNSHIP OF BLOOMFIELD, et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (#14)

This case arises out of an investigation by defendant Officer Donberger into a potential violation of the Bloomfield Township Malicious Annoyance by Writing ordinance. During the investigation, Officer Donberger investigated Plaintiff Pallisco. Pallisco and Pallisco's employer E & M Properties, Inc. ("E & M Properties") brought suit on March 12, 2009 against defendants Charter Township of Bloomfield ("Bloomfield Township"), Bloomfield Township Police Department ("Police Department") and Police Officer Cory Donberger ("Officer Donberger") asserting claims arising from Officer's Donberger's investigation. Now before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's claims fail for the reasons stated below, and defendant's motion for judgment on the pleadings is GRANTED.

## I. BACKGROUND

Bloomfield Township residents Fred and Rita Nader filed a complaint under the Bloomfield Township Malicious Annoyance by Writing ordinance ("ordinance") regarding

a letter received by Nader and others which alleged that Fred Nader ("Nader") was having an affair.[1] The ordinance states:

> It shall be unlawful for any person within the township to knowingly send or deliver, or to make, for the purpose of being delivered, sent, or to part with possession of any letter, postal card or writing containing any obscene language with or without a name subscribed hereto, or sign with a fictitious name, or with any letter, mark or other designation with the intent thereby to cause annoyance to any person, within the township or with a view or intent to extort or gain any money or property of any description belonging to another.

Charter Township of Bloomfield Ordinance. Sec. 22-54 (Ord. No. 490, art. II, § 2.02, 11-27-1995).  Officer Donberger was assigned to investigate the potential violation of the ordinance.

Plaintiff Pallisco, Mrs. Nader's cousin, was identified as a potential suspect.  During the investigation, officers learned that Mr. Nader had held a fundraiser at the Mark Ridley Comedy Castle ("the Comedy Castle") for a medical clinic he had started.  Before the fundraiser, someone called Mark Ridley at the Comedy Castle and made negative statements about Nader.  Ridley told the Police Department that a total of three calls were received around the time of the call.  One of the calls was made from a phone owned by E & M Properties and plaintiff Pallisco's name was also on the account.  Plaintiffs alleges that the officers did not investigate the other phone calls.[2]

---

[1] Plaintiffs assert in the factual allegations that Officer Donberger was "acting as an investigatory tool for Nader and that Officer Donberger and Mr. Nader "were conspiring to harass the Plaintiffs and violate various constitutional rights." The plaintiffs assert no claims against Nader, nor do the plaintiffs assert any evidence of a relationship that could improperly influence Officer Donberger throughout the investigation.

[2] In the police report, the officers stated that two of the calls appeared legitimate and the third call was made from the account assigned to Plaintiff Pallisco.  Viewing the facts

Other potential suspects were discovered during the investigation. Nader and another potential suspect, Brian Sheridan ("Sheridan"), were former co-members on the Detroit Medical Center ('DMC") Board. Before Nader left the hospital board, he had a conflict with Sheridan and Sheridan had allegedly threatened to "take Mr. Nader down." Nader told the officers that he believed Sheridan was involved with the letters that were the subject of the complaint. The plaintiffs allege that there is another potential suspect, "Kim," who was described as a friend of Brian Sheridan.

On March 4, 2008, Officer Donberger went to Pallisco's home to talk to Pallisco. The plaintiffs allege that Officer Donberger did not have a warrant and "invited himself into the Pallisco home." According to the plaintiffs, Officer Donberger informed Pallisco that he was at the home because "Fred Nader had accused Pallisco." Construing the facts in a light most favorable to the plaintiffs, Officer Donberger handed Pallisco the letter, accused him of writing it and demanded that Pallisco provide his fingerprints and that he take a polygraph. Plaintiffs allege that Officer Donberger was "relentless" in his demand that Pallisco immediately appear at the Police Department and, as he left, he commented that he bet Pallisco would call his lawyer. Plaintiffs allege that Officer Donberger and the Police Department "targeted Pallisco for this harassment due to the relationship that they have with Fred Nader."

In the police report, Officer Donberger states, "It is important to note that once contact was made with Mr. Pallisco at his home, the Nader family stopped receiving the harassing letters from 'Jennifer.'" The plaintiffs allege that the statement implying that the

---

in a light most favorable to the plaintiff, this court will assume that the police did not investigate the other two calls.

3

letters stopped because the officer spoke with Pallisco was false and defamatory and that the statement was made with the purpose of harming Pallisco's reputation.[3] The plaintiffs also allege that the Police Report put plaintiff Pallisco in a false position (false light).

As a result of these actions, plaintiff has alleged eight different claims: Count 1: Violation of Right to Privacy under the United States Constitution, Count 2: Violation of Plaintiffs Right to Procedural Due Process, Count 3: Violation of Plaintiffs' Rights to Substantive Due Process, Count 4: Violation of Fourth Amendment Rights, Count 5: Violation of Right to Privacy under State Law, Count 6: Defamation, Count 7: Unconstitutionality of the Malicious Annoyance by Writing Ordinance, and Count 8: Harassment.

## II. STANDARD OF REVIEW

A Rule 12(c) motion is reviewed under the same standard as Rule12(b)(6) motions. Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007). To survive a Rule 12(c) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (citations and quotations omitted).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

---

[3] The plaintiffs argue that there was a great amount of time that passed between the time the letters were mailed during December 2007, and the time that Officer Donberger interrogated Pallisco in March 2008.  According to the police report, the letters were sent on January 28, 2008 and Officer Donberger spoke with plaintiff Pallisco on March 4, 2008.

4

### III. ADEQUACY OF THE PLEADINGS

#### A. Defendant Bloomfield Police Department is Dismissed

Police departments are not separate entities and cannot be sued in tort actions. McPherson v. Fitzpatrick, 63 Mich. App. 461, 463 (Mich. Ct. App. 1975). Defendant Bloomfield Police Department is dismissed because it is not a separate legal entity that can be sued in tort actions.

#### B. The Search & Seizure Claims are Dismissed

Plaintiffs claim a violation of Fourth Amendment rights, alleging that "(d)espite the fact that Officer Donberger did not have a warrant, he invited himself into the Pallisco home and began interrogating Pallisco regarding the malicious writing investigation." The statement that Officer Donberger "invited himself into the Pallisco home" is too ambiguous and conclusory to state a claim. Plaintiffs have alleged insufficient facts to support their claim. None of the defendants' actions as asserted amount to a search or seizure. Discovery is not needed for plaintiff Pallisco to obtain the facts related to this claim, because plaintiff Pallisco was present when Officer Donberger entered the home and would have knowledge of the necessary facts. Because plaintiffs have only presented conclusory allegations and failed to raise the right to relief above the speculative level, Plaintiffs' Fourth Amendment claims are dismissed. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548.

#### C. The Federal Privacy Claims are Dismissed

The plaintiffs have asserted a violation of the Constitutional right to privacy. In the privacy count, plaintiffs only state conclusory allegations that "the foregoing acts of Defendants violate Plaintiffs rights to privacy under the United States Constitution." In that count, the plaintiffs do not identify any acts that violated the right to privacy. The federal

privacy claim is dismissed because plaintiffs have only presented conclusory allegations and have not raised the right to relief above the speculative level. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Fair notice of this claim and the underlying facts supporting it as required by Federal Rule of Civil Procedure 8 do not appear in the complaint.

### D. The Procedural & Substantive Due Process Claims are Dismissed

Plaintiffs argue that Officer Donberger violated plaintiffs' due process rights by failing "to investigate more credible leads." Officers cannot be held liable for a failure to investigate which amounts to negligence or gross negligence, but officers may violate a suspect's substantive due process rights based upon a reckless or intentional failure to investigate. Wilson v. Lawrence County, 260 F.3d 946, 955 (8th Cir. 2001). In Baker v. McCollan, 443 U.S. 137, 144 (1979), the Supreme Court found that the defendant was no more than negligent where the defendant detained plaintiff for three days and failed to investigate further despite the plaintiff's protestations of innocence. Here, the plaintiffs argue that Officer Donberger focused his investigation on Plaintiff Pallisco and failed to pursue other suspects. Because the plaintiff in Baker did not state a valid substantive due process claim where the plaintiff was confined for three days, the plaintiffs in this case cannot state a substantive due process claim where plaintiff was simply investigated and never arrested.

In response to defendants' motion, the plaintiffs also argue that the enforcement of the statute was unconstitutional because the letter was sent from outside the township and hence the statute was inapplicable. This argument appears to be a procedural due process claim, though plaintiff does not specifically label the argument. Plaintiffs argue that the statute regulates conduct within the township and that the conduct in this case occurred

6

outside of the township, since the letter was mailed from Royal Oak, Michigan.  The statute states, "It shall be unlawful *for any person within the township* to knowingly send or deliver, or to *make*, for the purpose of being delivered, sent, or to part with possession of any letter, postal card or writing . . . "  Charter Township of Bloomfield Ordinance. Sec. 22-54 (Ord. No. 490, art. II, § 2.02, 11-27-1995)(emphasis added).  Even if the letter was mailed outside of the township, it is possible that the letter was made inside the township and the police have a right to investigate that possibility. This argument also fails to state a procedural due process claim.

Finally, Plaintiffs also allege that people have a right "to control the nature and extent of information released about that individual" and that plaintiffs' substantive due process right to do so was violated.  Officer Donberger simply filed a police report stating that plaintiff Pallisco was investigated for potential involvement in a crime.  There is no question that officers are legally allowed to file police reports, which means Plaintiffs cannot establish that Officer Donberger violated a Constitutional right of which a reasonable person would have known and Officer Donberger would be entitled to qualified immunity (see standard and analysis below).  The substantive due process count cannot be sustained based upon this argument, either.

Both the plaintiffs' procedural and substantive due process claims are dismissed, because the plaintiffs have failed to assert a claim upon which relief can be granted.

### E. The Harassment Claim is Dismissed

Plaintiffs allege a harassment claim, but do not identify the basis of the claim until their response to defendants' motion where they assert that the claim is based upon the Fourteenth Amendment.  Plaintiffs have not provided any authority (and the court is not

aware of any) recognizing a Fourteenth Amendment harassment claim that would apply to this case. Some Fourteenth Amendment harassment claims are asserted as negligent or intentional infliction of emotional distress claims, Aureus Holdings, Ltd. v. City of Detroit, 2006 U.S. Dist. LEXIS 35336, 2-3 (E.D. Mich. 2006), but Plaintiffs have denied they are asserting negligent or intentional infliction of emotional distress claims. Sometimes Fourteenth Amendment harassment claims are asserted as sexual harassment claims, Ebelt v. County of Ogemaw, 231 F. Supp. 2d 563, 569 (E.D. Mich. 2002), but plaintiffs do not allege a sexual harassment claim. Some Fourteenth Amendment harassment claims are asserted as a violation of plaintiff's substantive due process rights. Abeyta v. Chama Valley Indep. Sch. Dist. No. 19, 77 F.3d 1253, 1257 (10th Cir. 1996). In Abeyta, the Tenth Circuit found that a student who asserted that a teacher violated her substantive due process rights by repeatedly calling her a prostitute was not enough to rise to the level of assert a substantive due process claim. Id. The court stated, "The concept of substantive due process is not fixed or final, Rochin, 342 U.S. at 170, but generally is accorded to matters relating to marriage, family, procreation, and the right to bodily integrity . . . A substantive due process violation must be something more than an ordinary tort to be actionable under 1983." Abeyta, 77 F.3d at 1257. Given that a plaintiff does not state a valid substantive due process claim based upon allegations of a teacher repeatedly calling a twelve-year-old student a prostitute, the allegations that a police officer violated Plaintiff Pallisco's rights by questioning him as a suspect on one occasion, and telling him to report to the police station to take a polygraph test, fail to assert a substantive due process claim, as well. The plaintiffs have failed to assert a harassment claim and the harassment claim is dismissed.

8

F. The First Amendment Claims Against Defendant Bloomfield Township are Dismissed

The First Amendment claim against Bloomfield Township is dismissed because the plaintiffs have failed to state a claim against Bloomfield Township. The plaintiffs allege a First Amendment claim against Bloomfield Township based upon 42 U.S.C. § 1983. The Supreme Court has stated, "we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of the County Comm' rs v. Brown, 520 U.S. 397, 403 (U.S. 1997)(citing Monell v. New York City Dept. Of Social Servs., 436 U.S. 658 (1978).

The plaintiffs have failed to assert a First Amendment claim against Bloomfield Township because they have failed to identify a Bloomfield Township policy or custom that resulted in a First Amendment violation. The only Bloomfield Township policy that plaintiffs allege is that the "defendants had a policy of deliberate indifference by allowing the Police Department and its employees to act under color of state law to harass the Plaintiffs and defame individuals in their police reports." Because the only Bloomfield Township policy that the plaintiffs allege is related to the defamation and harassment claims, the First Amendment claim against Bloomfield Township is dismissed.

IV. Officer Donberger is Entitled to Qualified Immunity

Defendants argue the federal claims asserted against Officer Donberger should be dismissed because Officer Donberger is entitled to qualified immunity. The Supreme Court established the qualified immunity standard in Saucier v. Katz, 533 U.S. 194 (2001), which the Supreme Court reevaluated in Pearson v. Callahan, 129 S. Ct. 808, 816 (2009). The court in Saucier established a two step approach to qualified immunity: (1) First, a court

9

must consider whether the plaintiff has presented sufficient facts to allege a violation of a Constitutional right; and (2) If the plaintiff has alleged a violation of a Constitutional right, the court determines whether the right was "clearly established" when the defendant acted. In Pearson, the court reexamined the issue and held:

> we conclude that, while the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the court of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

Pearson v. Callahan, 129 S.Ct. 808, 818 (2009). Some Sixth Circuit panels also "have employed a third step requiring the court to determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional right." Grawey v. Drury, 567 F.3d 302, 309 (6th Cir. 2009).

Utilizing the process identified in Pearson, the court may address the qualified immunity issues in any order. The court first addresses whether there is a violation of a clearly established right of which a reasonable person would have known. An arrest based on probable cause and made in good-faith reliance on a presumptively valid ordinance is valid regardless of a subsequent judicial determination of its unconstitutionality." Risbridger v. Connelly, 275 F.3d 565, 573 (6th Cir. 2002)(citing Michigan v. DeFillippo, 443 U.S. 31, 61(1979)). The Supreme Court has found that an ordinance is presumptively valid when there is "no controlling precedent that this ordinance was or was not constitutional." Id. Officer Donberger investigated Pallisco to determine if Pallisco had violated an ordinance that was presumptively valid. When plaintiff was investigated, the ordinance had not been

declared unconstitutional. In fact, a search of Michigan cases found no cases addressing the ordinance at all. In addition, there exists an almost identical Michigan statute, MCL 750.390, and only one case is known that mentions the ordinance and that case does not address the validity of MCL 750.390. See People v. Cynar, 2006 Mich App. LEXIS 53 (Mich. Ct. App. 2006). Since no cases address the validity of the ordinance or a similar Michigan statute, the statute is presumptively valid. DeFillippo, 443 U.S. at 61. Plaintiff also appears to complain that Officer Donberger entered Plaintiff's home without consent and otherwise violated his Fourth Amendment Rights. Plaintiff does not assert that he refused or objected to the officer's entry into the home. Also, plaintiffs' allegations concerning Officer Donberger's actions in the home do not relate to any search or seizure, but only relate to the interview that took place in the home. Even if Officer Donberger's actions could be said to violate Plaintiff's constitutional rights, it would not have been clear to a reasonable person that the ordinance was unconstitutional or that his actions in investigating the complaint violated Plaintiff's Constitutional rights. Accordingly, Officer Donberger is entitled to qualified immunity. The plaintiffs' claims against Officer Donberger are therefore subject to dismissal for qualified immunity.

## V. Dismissal of State Law Claims

Because all of the federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over the state law claims.

## VI. Conclusion

Defendants motion for judgment on the pleadings is hereby GRANTED and the case is dismissed without prejudice.

SO ORDERED.

Dated: November 4, 2009

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 4, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---